IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| C.R., et al., | ) |
|         Plaintiffs, | ) |
| v. | ) Case No. 2:21-cv-04129-MDH |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., | ) |
|         Defendants. | ) |

## ORDER

Before the Court is Defendants Missouri Department of Social Services' ("Social Services"), Brian Garrity's, Candy Lurten's, Laura South's, and Jennifer Emmons' Motion to Dismiss. (Doc. 14). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

John W. Smith, Petitioner, is the grandparent and previous foster parent and caregiver of both minor children C.R. and M.E. Jr. Petitioner asserts a pro se claim for relief under 42 U.S.C. § 1983 for unspecified violations of the children's rights. While it is difficult to understand exactly what Petitioner claiming, the Complaint makes general claims that include "denied due process and equal protection of the law to the children." Petitioner does not cite a specific statute or constitutional provision, nor does he show how the facts pleaded apply to these unspecified laws.

Petitioner appears to be concerned with the care that the children are receiving in their current foster care situation. Petitioner alleges that foster parents and Defendants Tiffanie Crouch and Brian Crouch allowed C.R. to self-medicate and overdose on vitamins. Petitioner further alleges that Social Services did not take proper remedial action when complaints were made about this situation.

1

## STANDARD

Under Rule 12(b)(1), where there is a lack of subject matter jurisdiction the district court must dismiss the complaint. "[I]f a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters,* 645 F.3d 954, 958 (8th Cir. 2011) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

## DISCUSSION

Mr. Smith's claim is asserted to be made on behalf of children C.R. and M.E., Jr. Mr. Smith has not shown that he has standing to bring any claims on behalf of his grandchildren, and so this Court lacks subject matter jurisdiction.

Federal Rule of Civil Procedure 17(c)(1) allows a representative of a minor to sue if the representative is a general guardian, a committee, a conservator, or a like fiduciary. Mr. Smith is none of these and therefore he lacks standing to bring claims on behalf of the minor children. Non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). While parents may litigate claims involving the denial of social security benefits, "no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Id.* If parents cannot litigate pro se on behalf of their minor children in § 1983 actions, grandparents certainly lack standing to do the same.

A minor may also sue without a representative if done by a next friend or guardian ad litem. Fed. R. Civ. P. 17(c)(2). From the face of the Complaint, Mr. Smith appears to be neither. A next friend must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate,

and should have some significant relationship with the real party in interest. *See Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 516 (D. Neb. 2007). Mr. Smith lacks standing to represent the children, and from the face of the Complaint he has failed to secure the cooperation of a next friend.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. 14) is **GRANTED**. The above-captioned case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 21, 2021   */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**